FILED
2021 APR 22 PM 1:39
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSICA R.,<br><br>    **Plaintiff,**<br><br>vs.<br><br>ANDREW SAUL,<br>**Commissioner of Social Security Administration,**<br><br>    **Defendant.** | Case No. 2:20-cv-00325<br><br><br>MEMORANDUM DECISION<br>& ORDER<br><br><br>Magistrate Judge Dustin B. Pead |

# INTRODUCTION[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff Jessica R.[2] ("Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability insurance benefits under Title II of the Social Security Act. After careful review of the administrative record, the parties' briefs and arguments[3] and the relevant law, the undersigned

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 15.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[3] Plaintiff did not submit a Reply brief, and the time within which to do so has expired. *See* DUCivR 7-1(3)(B).

concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error. Accordingly, as set forth herein, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On January 9, 2017, Plaintiff Jessica R. ("Plaintiff") filed a Title II application for disability benefits under the Social Security Act (the "Act"), alleging a disability onset date of July 14, 2015. (Tr. 11.[4]) Plaintiff's claim was initially denied on March 23, 2017, and again upon reconsideration on September 1, 2017. (*Id.*) Thereafter, Plaintiff requested an administrative hearing which was held via video on March 27, 2019, before Administrative Law Judge ("ALJ") Christel Ambuehl. (*Id.*);  20 C.F.R. § 404.929 *et seq.*; 20 C.F.R. § 404.936(c).

On April 30, 2019, consistent with the five-step sequential evaluation process, the ALJ issued a written decision. (Tr. 11-21); *See* 20 C.F.R. § 416.920 (describing the five-step evaluation process). At step two of the evaluation process, the ALJ found that Plaintiff had the severe impairments of osteoarthritis, right knee, status post-total knee arthroplasty, degenerative disc of the cervical spine and obesity. After determining that Plaintiff's impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 C.F.R. 404.1567(b), except that she is able [to] lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand or walk for 4 hours of an 8-hour workday; sit for 4 hours of an 8-hour workday; frequently climb ramps and stairs, frequently climb ladders, ropes of scaffolds,

---

[4] Tr. refers to the transcript of the administrative record before the Court.

> occasionally kneel and crawl. The claimant is limited to frequent reaching, frequent pushing and pulling, and frequent handling with the right non-dominant hand.

(Tr. 15.) At step four, the ALJ concluded that Plaintiff could perform her past relevant work as a file clerk because it did not require the performance of any work-related activities that were precluded under the RFC. *See* 20 C.F.R. § 404.1565. Based thereon, the ALJ denied Plaintiff's application for disability benefits finding that she was not disabled under the Act.

On April 13, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of review. (Tr. 1-3); 20 C.F.R. § 404.970. Plaintiff's May 21, 2020, appeal to this court followed. (ECF No. 2); *See* 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

On appeal the Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080 (10th Cir. 2007). In conducting its review, the Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin,* 767 F. 3d 951, 954 (10th Cir. 2014).

Substantial evidence review is extremely deferential, and the agency's factual findings are considered "conclusive" if they "are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 508 (2019) (quoting 42 U.S.C. § 405(g)). As the Supreme Court recently confirmed, the substantial evidence threshold "is not high" and deference should be given to the presiding ALJ "who has seen the hearing up close." *Id.* at 1154,

1157. Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154. (internal quotation omitted).

### III. DISCUSSION

Plaintiff argues that the RFC, as formulated by the ALJ, is not supported by substantial evidence. In support, Plaintiff asserts the ALJ erred in assessing the reliability of Plaintiff's statements and that the "methodology", used to review Plaintiff's testimony, the objective evidence and other evidence in the record, was flawed. (ECF No. 20 at 15-19.) Plaintiff advises the Court that on review it must "examine the Administrative Law Judge's thought-process very carefully." (*Id.* at 19.)

As an initial matter, to the extent that Plaintiff's request to examine the ALJ's "thought-process" requires a re-weighing of the evidence, the invitation must be declined. On review, this Court is tasked with ensuring application of the correct legal standards and confirming that the "findings are supported by substantial evidence." *Lowe v. Apfel,* 2000 U.S. App. LEXIS 14556 *3 (10th Cir. 2000) (unpublished). In doing so, the Court may not make credibility determinations or weigh the evidence as those functions remain "within the province of the finder of fact." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (*citing Zoltanski v. F.A.A.,*372 F.3d 1195, 1200 (10th Cir. 2005) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.")).

Generally, Plaintiff's challenges to the ALJ's methodology and credibility are framed by the Code of Federal Regulations ("Regulations"). The Regulations specifically allow the ALJ to evaluate the consistency of Plaintiff's allegations regarding pain and other symptoms with the objective medical evidence and provide factors for the ALJ to consider as part of this evaluation.[5] *See* 20 C.F.R. § 404.1529; *see also* SSR 16-3p; 2016 SSR LEXIS 4 at *1 (providing framework for ALJ to consider a claimant's symptoms, including pain, and determine the extent to which the symptoms are consistent with evidence in the record).

Here, consistent with the Regulations, the ALJ evaluated Plaintiff's subjective reports and testimony with the objective medical evidence, her reported daily activities and expert opinion evidence to conclude that Plaintiff's statements were not entirely reliable. (Tr. 16-18); *see* 20 C.F.R. § 404.1529(c)(4). Thus, while Plaintiff argues the ALJ has improperly analyzed her testimony and the evidence of record, as reflected in Plaintiff's RFC, for the reasons stated herein the Court disagrees.

**1. Objective Medical Evidence**

The ALJ determined that although Plaintiff's medically determinable impairments could be reasonably expected to cause her alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the objective

---

[5] Those factors include: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage effectiveness and side effects of any medication taken to alleviate pain or other symptoms; (v) treatment, other than medication, received for relief of pain or other symptoms; (vi) any measures used to relieve pain or other symptoms; and (vii) other factors. 20 C.F.R. § 404.1529(c)(3)(i-vii).

medical evidence. (Tr. 16-17.) In so concluding, the ALJ considered the objective medical evidence regarding Plaintiff's knee and cervical spine impairments and noted that Plaintiff's range of motion and strength improved after successful surgical corrections and physical therapy. (Tr. 16-18.) Given this information the ALJ concluded that Plaintiff's testimony, stating that she could not lift more than 10 pounds, stand for more than 20 minutes, walk for 30 minutes, or sit for 45 minutes, was not completely consistent with the objective medical evidence. And, based thereon, the ALJ restricted Plaintiff to light exertion with additional limitations as set forth in the RFC. (Tr. 16-18, 73-74, 565-68, 596, 603, 611, 632, 742, 743).

The Regulations specifically direct the ALJ to consider whether Plaintiff's statements and self-reported symptoms are consistent with the objective medical evidence of record. *See* 20 C.F.R. § 404.1529(c)(4) ("we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled"); SSR 16-3p; 2016 SSR LEXIS 4 at * 1. The ALJ did so here and Plaintiff's challenge to the "methodology" fails because the ALJ did not err in concluding that Plaintiff's symptoms were not entirely consistent with the objective medical evidence.

### 2. Daily Activities

Next, in formulating the RFC the ALJ considered Plaintiff's testimony and statements regarding her daily activities. The Regulations direct the ALJ to consider whether an individual's ability to engage in activities of daily living support a claimant's symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i). Here, Plaintiff functioned fairly well in her daily activities and indicated she was able to participate in cooking light meals, folding laundry, doing dishes, vacuuming,

performing self-care, shopping for groceries, conducting light gardening tasks, caring for her elderly mother, driving, occasionally babysitting and regularly traveling to a vacation property three hours away to visit family and friends. (Tr. 16-17, 76-79, 596, 632.) As a result, the ALJ made a credibility determination and concluded that Plaintiff's daily activities were "more consistent with the [court's] residual functional capacity assessment . . . than with a conclusion that she cannot perform any work are properly supported by the record. (Tr. 18); *Wilson v. Astrue,* 602 F.3d 1136, 1146 (10th Cir. 2010) (cite).

While credibility determinations are within the purview of the factfinder, findings of credibility "should be closely and affirmatively linked to substantial evidence and not just conclusion in the guise of findings." *Adcock v. Comm'r SSA,* 748 F. App'x 842, 848 (10th Cir. 2018) (unpublished) (*citing Newbold v. Colvin,* 718 F.3d 1257, 1267 (10th Cir. 2013)). Here, the ALJ was entitled to consider evidence of Plaintiff's fairly extensive activities when evaluating her credibility and to compare those findings with objective evidence. On appeal, it is not the role of this Court to reweigh the ALJ's credibility findings.

**3. Opinion Evidence**

In formulating Plaintiff's RFC, the ALJ also evaluated the opinion evidence of record.[6] As part of that evaluation, and despite the agency physicians' recommendations, the ALJ reduced Plaintiff's RFC to light work with additional postural limitations based on later evidence

---

[6] Plaintiff does not challenge the ALJ's treatment of opinion evidence and therefore any such argument has been waived. *See Keyes-Zachary,* 695 F.3d 1156, 1161 (10th Cir. 2012). The Court briefly references the opinion evidence of record, however, as support for the "methodology" used to formulate the RFC.

showing a recurrence of right knee pain and progression of Plaintiff's cervical degenerative disc disease. (Tr. 15, 18.) Further, the ALJ concluded that the opinions of Dr. Craig Coleby and Dr. Bryan Frantz were limited to the recovery period following Plaintiff's total knee arthroplasty and inconsistent with later medical records showing improvement and generally normal strength, range of motion and sensation after recovery from surgery. (Tr. 19, 360, 514, 522, 526, 565-68, 596, 603, 611, 741, 743); *see* 20 C.F.R. § 404.1527(c)(4).

Thus, considering the opinion evidence and the record as a whole, the ALJ reasonably fashioned an RFC that accounted for Plaintiff's verifiable limitations. Substantial evidence supports the ALJ's findings and the RFC assessment concluding that Plaintiff could perform a reduced range of light work.

**4. The ALJ's Finding At Step Four Is Supported By Substantial Evidence**

Finally, Plaintiff argues that the ALJ's findings at step four were flawed because the hypothetical RFC, as posed to the Vocational Expert ("VE") at the hearing and included in the ALJ's Decision, did not include appropriate limitations. (ECF No. 20 at 23-26.)

First, for the reasons discussed above, the ALJ reasonably discounted Plaintiff's statements about her symptoms. Second, the ALJ was not required to include limitations in the RFC or in the hypothetical presented to the VE that were not supported by the record. *See* 20 C.F.R. § 404.156(b)(2) At the hearing, the ALJ posed a series of five increasingly limited hypothetical RFC's to the VE, who testified that an individual with any of the first four RFCs could perform Plaintiff's past relevant work as a file clerk. (Tr. 19-20, Tr. 88-90); *see* 20 C.F.R. § 404.1560(b)(2) (allowing that a "vocational expert or specialist may offer relevant evidence

8

within his or her expertise or knowledge concerning the physical and mental demands of claimant's past relevant work"). The fourth hypothetical offered either matches or was slightly more limiting that the RFC reduced to writing in the ALJ's Decision and as a result there was no error at step four of the Decision. *See Adcock v. Comm'r, Soc. Sec. Admin.,* 748 F. App'x 842, 847-48 (10th Cir. 2018) (unpublished).

## V.  CONCLUSION

The ALJ considered the objective medical evidence, Plaintiff's statements regarding her daily activities, information from medical sources and other relevant evidence of record to reasonably conclude that Plaintiff could perform a reduced range of light work as set forth in the RFC. Despite Plaintiff's invitation, the Court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin,* 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks and citation omitted).

Accordingly, for the reasons discussed, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 22nd day of April 2021.

_____
DUSTIN B. PEAD
United States Magistrate Judge